IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL NO. 1:17CV233-RJC-DSC

| | |
|---|---|
| KIMBERLY L. VIZZINI,<br>Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL,[1]<br>**Commissioner of Social**<br>**Security Administration,**<br>Defendant. | MEMORANDUM AND RECOMMENDATION |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #10) and Defendant's "Motion for Summary Judgment" (document #12), as well as the parties' briefs and submissions.

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be denied; that Defendant's Motion for Summary Judgment be granted; and that the Commissioner's decision be affirmed.

**I. PROCEDURAL HISTORY**

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on August 24, 2017. The Administrative Law Judge

---

[1]Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as Defendant herein. No further action is necessary pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

("ALJ") found her not disabled at step five of the sequential evaluation process based upon the Vocational Expert's ("V.E.") testimony. (Tr. 32-34). Plaintiff assigns error to the ALJ's formulation of her mental Residual Functional Capacity ("RFC").[2] See Plaintiff's "Memorandum ..." at 5-22 (document #11). She also contends that the ALJ failed to resolve apparent conflicts between the V.E.'s testimony and the Dictionary of Occupational Titles ("DOT"). "Plaintiff's Memorandum …" at 5-10 (document #11) (Tr. 81-83).

The parties' Motions are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

---

[2]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

2

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled[3] as that term of art is defined for Social Security purposes. Plaintiff challenges the ALJ's determination of her RFC and specifically her ability to stay on task. The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments.

---

[3] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
> Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

3

SSR96-8p, available at 1996 WL 374184, at *2.  The ALJ must also "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Id.

Plaintiff has the burden of establishing her RFC by showing how her impairments affect her functioning.  See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-06-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

In Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), the Fourth Circuit held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review."  780 F.3d at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)).  This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested.

The ALJ determined that Plaintiff's mental RFC encompassed the ability to follow "simple work-related instructions and directions; [perform] simple routine tasks but not a production rate pace, e.g. assembly line work; … to sustain concentration and pace for two-hour segments throughout the duration of a standard eight-hour working day; … limited to occasional contact with supervisors, coworkers, and the public." (Tr. 24-25). Plaintiff contends that the ALJ failed to explain his conclusion that she could stay on task for two hours at a time.  The ALJ's RFC

determination here is supported by substantial evidence including Plaintiff's testimony, medical records and treatment history. Ponder v. Berryhill, No. 1:15-cv-00289-RJC, 2017 WL 1246350, at *4 (W.D.N.C. Mar. 31, 2017). "Mascio only requires a remand when an ALJ's opinion is 'sorely lacking' in a manner that 'frustrates meaningful review.'" Ponder, 2017 WL 1246350, at *4 (quoting White v. Colvin, No. 3:15-cv-00197-FDW, 2016 WL 3381265, at *5 (W.D.N.C. June 14, 2016)).

The ALJ found that Plaintiff typically presented with few objective findings upon examination (Tr. 29). She was found to have normal cognition with full orientation, intact memory and judgment, and average intelligence. (Tr. 28-29, see e.g., 298, 375, 384, 388-389). The ALJ also considered that Plaintiff could follow simple written and verbal instructions well and exhibited no cognitive issues during consultative examinations. (Tr. 29, 284, 285, 298).

Furthermore, the ALJ gave great weight to the opinions of the consultative psychological examiners, Dr. Jessica Medford and Michelle Coates, M.A. (Tr. 30-31). Their opinions support the ALJ's finding that Plaintiff could sustain concentration and pace for two hour segments during an eight hour workday. (Tr. 29, 30-31, 285, 298).

Plaintiff also contends that the ALJ erred in relying on the V.E.'s testimony rather than resolving apparent conflicts with the DOT. In response to a hypothetical that included Plaintiff's limitations, the V.E. testified that such person could not perform Plaintiff's past work, but could perform jobs as office helper (DOT number 239.567-010), mail clerk (DOT number 209.687-026), inspector/packer (DOT number 559.687-074), order clerk (DOT number 209.567-014), table worker (DOT number 739.687-182), and hand sorter I (DOT number 734.687-082) (Tr. 81-82). There were at least 75,000 of each of these jobs available nationally.

The ALJ asked the V.E. whether his testimony conflicted with the DOT and the V.E. replied "my testimony was consistent with the DOT." (Tr. 83) The ALJ made no further inquiries

5

of the V.E. concerning apparent conflicts in his testimony except to ask about limitations for being off task and absenteeism. (Tr. 81-84). The ALJ found that the V.E.'s testimony was consistent with the information contained in the DOT except for off task and absenteeism limitations, which are not addressed in the DOT. (Tr. 33).

In Pearson v. Colvin, 810 F.3d 204, 210-12 (4th Cir. Dec. 17, 2015), the Fourth Circuit held that the ALJ has not fully developed the record if there are any unresolved conflicts between the V.E.'s testimony and the DOT. Id. at 209. See also Radford v. Colvin, 734 F.3d 288, 296 (4th Cir. 2013) (where ALJ's analysis is incomplete, remand for further development of the record is appropriate rather than district court mining facts to support or refute ALJ's decision).

It is not Plaintiff's burden to identify this conflicting evidence during the hearing. Rather the "ALJ independently must identify conflicts between the expert's testimony and the [DOT]." Id. at 209. Merely asking the V.E. if there were any conflicts is insufficient. Id. at 210. The ALJ must elicit an explanation about any conflicts from the V.E. The ALJ must then determine whether that explanation is reasonable and provides a basis for relying on the V.E.'s testimony rather than the DOT. Id. at 209-10. Absent an explanation for any apparent conflicts, the V.E.'s testimony does not provide substantial evidence for a denial of benefits. Id. at 211.

Plaintiff argues that five of the jobs identified by the V.E. require GED reasoning levels of either two or three, which conflict with the RFC limitation to simple, routine, repetitive tasks. This Court has consistently held that there is no conflict between reasoning level two work and a limitation to simple tasks. Courtney v. Colvin, No. 12cv0073, 2014 WL 1882583, at * 3 (W.D.N.C. May 12, 2014) (citing Pippen v. Astrue, No. 1:09cv308, 2010 WL 3656002, at *7 (W.D.N.C. Aug. 24, 2010) ("work requiring a reasoning level of two is not inconsistent with a limitation to simple work"). Accordingly, there is no conflict as to the office helper, inspector hand packager and hand

6

sorter jobs which have reasoning level two. The Fourth Circuit's unpublished decision in Henderson v. Colvin, 643 F. App'x 273, 276–77 (4th Cir. Apr. 5, 2016) cited by Plaintiff does not suggest a different result. There, the Court addressed a limitation to "one-to-two step tasks," which is different from the RFC limitation here. Id.

Plaintiff next argues that the RFC finding and hypothetical question include a limitation to only occasional interaction with supervisors, coworkers, and the public which conflicts with the DOT. Plaintiff argues that the DOT descriptions for the jobs identified by the V.E. do not address the frequency of contact with others. However, the DOT clearly defines the office helper, inspector hand packager and hand sorter jobs' relationship with people as "Not Significant." (Tr. 33, 81-82); DOT 239.567-010 (office helper), 1991 WL 672232; DOT 559.687-074 (inspector/packer), 1991 WL 683797; 1991 WL 680217; DOT 734.687-082 (hand sorter), 1991 WL 679966. Therefore, the V.E.'s testimony is consistent with the DOT.

Plaintiff contends that the RFC limitation to no "production rate pace" conflicts with the inspector hand packager job involving the "production" of plastic products. Aside from the commonality of the word "production," Plaintiff has not shown and the record does not establish a conflict between the V.E.'s testimony and that job definition.

Finally, Plaintiff argues that the jobs of table worker and hand sorter are production rate pace jobs because they involve moving conveyor belts. Assuming arguendo that these two jobs conflict with the need to avoid production rate pace jobs, the remaining jobs of office helper (100,000 nationally) and inspector hand packager (90,000 nationally) exist in numbers well in excess of what is necessary to meet the Commissioner's burden at step five. As this Court has noted, "[t[he Fourth Circuit has previously found as few as 110, 153, and even 650 jobs significant enough to satisfy the Commissioner's burden." Cogar v. Colvin, No. 3:13-CV-380-FDW, 2014

7

WL 1713795, at *7 (W.D.N.C. Apr. 30, 2014) (citing Hicks v. Califano, 600 F.2d 1048, 1051 n.2 (4th Cir. 1979)); Hodges v. Apfel, No. 99-2265, 2000 WL 121251, at *1 (4th Cir. Jan, 28, 2000) (unpublished); Hyatt v. Apfel, No. 97-2225, 1998 WL 480722, at *3 (4th Cir. Aug. 6, 1998) (unpublished).

Although the medical records establish that Plaintiff experienced symptoms to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles v. Shalala, 29 F.3d 918, 923 (4th Cir. 1994) (citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). This is precisely such a case, as it contains substantial evidence to support the ALJ's treatment of the record and the hearing testimony, and his ultimate determination that Plaintiff was not disabled.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #10) be **DENIED**; that Defendant's "Motion for Summary Judgment" (document #12) be **GRANTED**; and that the Commissioner's decision be **AFFIRMED**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections

to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: April 2, 2018

David S. Cayer
United States Magistrate Judge