UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-00233-RJC-DSC

| | |
|---|---|
| KIMBERLY L. VIZZINI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**THIS MATTER** comes before the Court on Kimberly L. Vizzini's ("Plaintiff") Motion for Summary Judgment, (Doc. No. 10), and her Memorandum in Support, (Doc. No. 11); Nancy A. Berryhill's ("Defendant" or "Commissioner") Motion for Summary Judgment, (Doc. No. 12), and her Memorandum in Support, (Doc. No. 13); and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 14), recommending the Court grant Defendant's Motion for Summary Judgment. Plaintiff filed a timely Objection to the M&R, (Doc. No. 15), and Defendant filed a timely Response to Plaintiff's Objections, (Doc. No. 16). The Motions are now ripe for the Court's consideration.

I.  BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

## II. LEGAL STANDARD

### A. Review of the Magistrate Judge's Recommendation.

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id.

### B. Review of a Final ALJ Decision under the Social Security Act.

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d

2

773, 775 (4th Cir. 1972). As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345; Blalock, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

On appeal, Plaintiff asks the Court to remand the ALJ's decision finding her not disabled under the Social Security Act. (Doc. No. 11). The Magistrate Judge, however, recommends that the Court reject Plaintiff's arguments and affirm the ALJ's decision. (Doc. No. 14). Plaintiff now objects to the Magistrate Judge's M&R,

(Doc. No. 14), arguing that (1) the M&R erred in finding that the ALJ correctly found that no apparent conflict exists between the Vocational Expert's ("VE") testimony and the Dictionary of Occupational Titles ("DOT") and (2) the M&R erred in finding that the ALJ properly articulated how he concluded that Plaintiff can stay on task for two-hour segments when determining Plaintiff's RFC. Specifically regarding Plaintiff's first argument, Plaintiff claims that (1) the M&R incorrectly found no apparent conflict exists between Plaintiff's RFC and her recommended jobs' reasoning levels; (2) the M&R erred in not finding an apparent conflict exists between the VE's testimony claiming that Plaintiff could perform the jobs of office helper, inspector hand packager, and hand sorter and the DOT descriptions which allegedly do not address the amount or frequency of contact a job position entails; and (3) the M&R incorrectly found that the jobs inspector and hand packager, table worker, and sorter do not appear to be production rate pace jobs. (Doc. No. 15). For the reasons set forth below, the Court **ADOPTS** the Magistrate Judge's M&R, **GRANTS** Defendant's Motion for Summary Judgment, and **DENIES** Plaintiff's Motion for Summary Judgment.

    A.    <u>The ALJ sufficiently relied on the VE's testimony in determining Plaintiff's RFC.</u>

        1.    <u>No apparent conflict exists between limiting Plaintiff to "simple work-related instructions and directions" and finding that he could perform Reasoning Level 2 jobs.</u>

Plaintiff first argues that an apparent conflict exists between the VE's testimony and the DOT. (Doc. No. 15 at 2–4). The ALJ found that Plaintiff could

4

perform the following jobs: (1) an office helper, DOT # 239.567-010; (2) mail clerk, DOT # 209.687-026; (3) inspector/packer, DOT # 559.687-074; (4) order clerk, DOT # 209.567-014; (5) table worker, DOT # 739.687-182; and (6) hand sorter, DOT # 734.687-082. According to DOT Reasoning levels, the jobs mail clerk and order clerk have a Reasoning Level of 3, and the jobs office helper, inspector/packer, and hand sorter have a Reasoning Level of 2. Plaintiff alleges that a conflict exists between jobs with Reasoning Level 2 requiring the ability to carry out detailed instructions and the claimant's limitation to performing "no more than short simple instructions." (Doc. No. 15 at 2). Plaintiff further asserts that the ALJ had a duty to ask the VE about this apparent conflict under Pearson v. Colvin, 810 F.3d 204, 210–12 (4th Cir. Dec. 17, 2015). (Id.) In Pearson, the Fourth Circuit held that the ALJ has not fully developed the record if any unresolved conflicts exist between the VE's testimony and the DOT. Pearson, 810 F.3d at 209. Plaintiff is correct in recognizing that Pearson elevated the ALJ's responsibility in addressing apparent conflicts; however, Plaintiff is incorrect in finding that an apparent conflict exists in the present case.

This Court has addressed Plaintiff's argument before and has continually rejected it. "There is no direct correlation between the DOT's reasoning levels and a limitation to carrying out simple instructions or performing simple work; thus, jobs requiring an individual to perform such work is consistent with a DOT reasoning level of either 2 or 3." Thomas v. Berryhill, No. 3:16-CV-00836-MOC, 2017 WL 3595494, at *5 (W.D.N.C. Aug. 21, 2017), appeal docketed, No. 17-2215 (4th Cir. Oct. 18, 2017) (quoting Carringer v. Colvin, No. 2:13-CV-00027-MOC, 2014 WL 1281122,

at *3 (W.D.N.C. Mar. 27, 2014)); see also Corvin v. Berryhill, No. 5:17-CV-92-RJC-DSC, 2018 WL 3738226, at *4 (W.D.N.C. Aug. 7, 2018) ("Reasoning level 2 jobs 'do not imply an apparent conflict with a work limitation to simple, routine, repetitive work.'" (quoting Bethea v. Berryhill, 5:17-CV-145, 2018 WL 1567356, at *4 (W.D.N.C. Mar. 30, 2018)). Other courts have found that "even level 3 reasoning is not inconsistent with the ability to do only 'simple' work." Id. (citing Terry v. Astrue, 580 F.3d 471, 478 (7th Cir. 2009) and Clontz v. Astrue, No. 2:12-cv-12-FDW, 2013 WL 3899507, at *5 n.6 (W.D.N.C. Jul. 29, 2013)). Therefore, no apparent conflict exists between Reasoning Level 2 jobs and a "limitation to no more than short simple instructions." (Doc. No. 15 at 2).

2. No apparent conflict exists between the DOT and the limitation to only occasional contact with supervisors, coworkers, and the public.

Next, Plaintiff argues that an apparent conflict exists between the jobs proffered by the VE and the ALJ's limitation "to occasional contact with supervisors, coworkers, and the public." (Tr. 25). Specifically, Plaintiff argues that a distinction exists between a limitation to relationship with people—something the DOT addresses—and a limitation to occasional contact with people. (Doc. No. 15 at 3). Plaintiff asserts that the DOT does not address the amount or frequency of contact an employment position requires, and therefore, an apparent conflict arose when the VE stated that his testimony was consistent with the DOT. (Doc. No. 15 at 3). Plaintiff asserts that under Pearson, the ALJ was required to ask the VE for an explanation for this apparent conflict. (Id.).

6

The Court notes that this argument too has been advanced and subsequently rejected before. In Corvin v. Berryhill, No. 5:17-CV-92-RJC-DSC, 2018 WL 3738226 (W.D.N.C. Aug. 7, 2018), the plaintiff alleged that a distinction exists between "relationship with people" and "frequency of contact with others." 2018 WL 3738226 at *4. The plaintiff in Corvin similarly argued that because the ALJ limited him to "occasional exposure to people" and did not limit his "relationship with people," the DOT was silent as to his limitation. Id. The Court rejected this argument, finding that no meaningful distinction exists between the level of contact or exposure to people and the level of relationship to people, and thus held that the DOT did speak to the plaintiff's limitations. Id.

Here too, the DOT directly addresses Plaintiff's limitation to "occasional contact with supervisors, coworkers, and the public." (Tr. 25). Several of the jobs proffered by the VE are expressly characterized in the DOT as having "not significant" levels of relating to people. 1991 WL 672232 (Office Helper); 1991 WL 671813 (Mail Clerk); 1991 WL 683797 (Inspector and Hand Packager); 1991 WL 680217 (Table Worker); and 1991 WL 679966 (Hand Sorter). Thus, the M&R correctly found that "the DOT clearly defines the office helper, inspector hand packager and hand sorter jobs' relationship with people as 'Not Significant'" and that "[t]herefore, the V.E.'s testimony is consistent with the DOT." (Doc. No. 14 at 7).

> 3. No apparent conflict exists between the jobs inspector and hand packager, table worker, and hand sorter and Plaintiff's limitation to a no production rate pace.

Plaintiff also argues that the M&R incorrectly finds that the jobs

7

inspector and hand packager, table worker, and hand sorter do not appear to be production rate pace jobs. (Doc. No. 15 at 3). Relying on the "plain reading of the DOT descriptions," Plaintiff argues that the DOT indicates that these would be production rate pace jobs. Plaintiff's "plain reading" is mistaken.

This Court has held that "[w]hen the DOT is silent on an issue . . . the ALJ has greater leeway to rely on the information provided by the VE." Sigmon v. Berryhill, No. 5:17-CV-120-RJC-DSC, 2018 WL 3738227, at *4 (W.D.N.C. Aug. 7, 2018) (citing Gordon v. Berryhill, No. 3:16-CV-130, 2017 WL 5759940, at *4 (W.D.N.C. Nov. 28, 2017)). Here, nothing in the DOT descriptions of inspector and hand packager, table worker, and hand sorter specifies that these jobs require a production rate pace. Therefore, the VE's testimony that, given Plaintiff's limitations, he could still perform these jobs, should be given greater weight. Moreover, this Court and other courts have previously held that even when a job entails the act of producing, packaging, or assembling, this does not necessitate that the job also requires a certain production or assembly-line pace. Carr v. Berryhill, No. 3:16-CV-00778-RJC-DSC, 2018 WL 1004749, at *4 (W.D.N.C. Feb. 21, 2018) ("Merely because one 'assembles' or 'packages' does not mean that they do so at an assembly-line pace."); see also Kelly v. Astrue, No. CV-11-3295-JCG, 2012 WL 1439354, at *3 (C.D. Cal. Apr. 26, 2012) (finding no apparent conflict between the job of hand packager or office helper and a limitation to avoid jobs with high production quotas and high pace work). Accordingly, the M&R correctly found that no apparent conflict exists between the VE's testimony and the job descriptions of

8

inspector and hand packager, table worker, and hand sorter.

Even assuming arguendo that the jobs of table worker and hand sorter are production rate pace jobs because they involve moving conveyor belts, the M&R correctly finds that the remaining jobs proffered by the VE of office helper (100,000 nationally) and inspector hand packager (90,000 nationally) "exist in numbers well in excess of what is necessary to meet the Commissioner's burden at step five." (Doc. No. 14 at 7). "The Fourth Circuit has previously found as few as 110, 153, and even 650 jobs significant enough to satisfy the Commissioner's burden." Colgar v. Colvin, NO. 3:13-CV-380-FDW, 2014 WL 1713795, at *7 (W.D.N.C. Apr. 30, 2014) (citing Hicks v. Califano, 600 F.2d 1048, 1051 n.2 (4th Cir. 1979)). Thus, the ALJ satisfied his burden here.

  B. <u>The ALJ properly accounted for Plaintiff's ability to stay on task in his RFC determination.</u>

Finally, Plaintiff argues that the M&R erred in finding that the ALJ properly articulated how he concluded that Plaintiff can stay on task for two-hour segments of time. In Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), the Fourth Circuit held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." 780 F.3d at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)). An ALJ must "show [his] work" in order for a district court to be able to conduct a meaningful review of the ALJ's decision. Patterson v. Comm'r of Soc. Sec.

9

Admin., 846 F.3d 656, 663 (4th Cir. 2017). In other words, an ALJ must "build an accurate and logical bridge from the evidence to his conclusion," Monroe v. Colvin, 826 F.3d 176 (4th Cir. 2016), and the district court cannot mine the record to later construct a logical bridge. Marshall v. Colvin, No. 314CV00608FDWDSC, 2016 WL 1089698, at *2 (W.D.N.C. Mar. 21, 2016) (citing Brown v. Colvin, No. 14-2106, 2016 WL 502918, at *2 (4th Cir. Feb. 9, 2016)) ("While Defendant asserts several reasons to support the ALJ's decision, it is not within the province of this Court to mine the record to uphold a decision absent any explanation from the ALJ.").

Nevertheless, "Mascio only requires a remand when an ALJ's opinion is 'sorely lacking' in a manner that 'frustrates meaningful review.'" Ponder v. Berryhill, No. 1:15-cv-00289-RJC, 2017 WL 1246350, at *4 (W.D.N.C. Mar. 31, 2017) (quoting White v. Colvin, No. 3:15-cv-00197-FDW, 2016 WL 3381265, at *5 (W.D.N.C. June14, 2016)). So long as substantial evidence supports the ALJ's RFC determination, then remand is unwarranted. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) ("[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence.").

Here, the M&R appropriately found that substantial evidence supported the ALJ's RFC determination. The ALJ accounted for Plaintiff's mental limitations in his RFC analysis by prescribing the following limitations:

> The claimant is also limited to simple work-related instructions and directions; simple routine tasks but not at a production rate pace, e.g. assembly line work; is able to sustain concentration and pace for two-hour segments throughout the duration of a standard eight-hour

working day; and is limited to occasional contact with supervisors, coworkers, and the public.

(Tr. 24–25). In making this finding, the ALJ stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." (Tr. 25). The ALJ further opined that he "considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and SSRs 96-2p, 96-5p, 96-6p and 06-3p." (Id.). In his discussion of Plaintiff's RFC, the ALJ noted that Plaintiff's mental health treatment notes indicated that she "typically presented with normal cognition; was fully oriented; with intact memory and judgment; [and] average intelligence." (Tr. 28–29, 284, 285, 298).

The ALJ also gave "great weight to the opinions" of the consultative psychological examiners, deeming their opinions to be consistent with Plaintiff's treatment notes as a whole. (Tr. 30–31). The ALJ expressly detailed the findings from these two, separate psychological consultative examinations in his decision. (Tr. 29–30). Specifically, the ALJ noted that the treatment notes taken during Plaintiff's first psychological consultative examination reported that Plaintiff "followed simple written and verbal instructions well." (Tr. 29, 284). The ALJ recounted that Michelle Coates, MA, one of the consultative examiners, "opined the claimant can tolerate work stressors and demands and that her mental health concerns are 'not severe enough to significantly interfere with her ability to work at this time." (Tr. 29, 285). Additionally, the ALJ noted that during Plaintiff's second

11

psychological consultative examination, Dr. Medford, the examiner, opined that "the claimant's mental symptoms would not interfere with her ability to maintain gainful employment." (Tr. 29, 298). The ALJ even quoted the examiner's opinion in his decision: "[Plaintiff] could tolerate the stress and pressures of day to day work, adjust to a work environment and schedule, and exhibit appropriate workplace behavior." (Id.).

Plaintiff is correct in noting that neither consultative psychological examiner specifically stated that Plaintiff could stay on task for two-hour segments of time. (Doc. No. 15 at 4). However, this is not grounds for remand. In fact, this Court has followed other courts in finding that "a two-hour limitation directly addresses Plaintiff's moderate limitations in concentration, persistence or pace." Fender v. Berryhill, No. 1:17-CV-00041-RJC, 2018 WL 1536485, at *7 (W.D.N.C. Mar. 29, 2018). The Court made this finding despite the fact that the ALJ did not explain in his decision how "this two-hour limitation was reached." Id. at *6.

In the instant case, it logically follows that, if both examiners concluded Plaintiff's mental limitations would not significantly interfere with her ability to work, then Plaintiff would be able to stay on task for at least two hours at a time in the workplace. Thus, the ALJ's limitation to Plaintiff's RFC is consistent with the consultative examiners' analyses of Plaintiff's mental abilities. Indeed, the ALJ's ultimate conclusion regarding Plaintiff's RFC flows naturally from the evidence presented in the record and reported in his decision. Therefore, substantial evidence supports the ALJ's determination that Plaintiff can stay on task for two-

hour segments of time.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 14), is **ADOPTED**;

2. Plaintiff's Motion for Summary Judgment, (Doc. No. 10), is **DENIED**;

2. Defendant's Motion for Summary Judgment (Doc. No. 12), is **GRANTED**;

3. The Commissioner's determination be **AFFIRMED**; and

4. The Clerk of Court is directed to close this case.

Signed: September 24, 2018

Robert J. Conrad, Jr.
United States District Judge